**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

CYUAN G. LUTZENBERGER                                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 3:25-cv-264-KHJ-MTP

AIRSLATE LEGAL FORMS, INC.                                            DEFENDANT

<u>**ORDER**</u>

THIS MATTER is before the Court on the *pro se* Plaintiff's "Request for Jury Trial" [20], which the Court liberally construes as a motion requesting the same.[1]  For the reasons that follow, the Court grants Plaintiff's "Request for Jury Trial" [20].

Under Rule 38(b), "[o]n any issue triable of right by jury trial, a party may demand a jury trial by (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).  "The 'last pleading directed to an issue' is not the pleading that raises the issue, it is the pleading that contests the issue.  Normally, that pleading is an answer, or, with respect to a counterclaim, a reply."  *Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 271 (E.D. La. 2008).  "A party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).

Here, it is undisputed that Plaintiff filed her Complaint [1] on April 14, 2025, without asserting a jury demand therein.  On May 23, 2025, Defendant filed its Answer [12]—the last pleading directed to the issue(s) in this matter.  Now, more than two months later, Plaintiff

---

[1] "Courts hold *pro se* plaintiffs to a less stringent pleading requirement, and their pleadings are entitled to a liberal construction."  *Wile v. Abbott*, 459 F. Supp. 3d 803, 806 (N.D. Tex. 2020).

requests that this matter be set for a jury trial.  Because Plaintiff failed to timely demand a jury, she waived her right to a jury trial.

Even so, Rule 39(b) provides that when a demand is not made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  The court has great discretion under Rule 39(b).  *Solugen, Inc. v. M3 Chem. Group LLC*, 529 F. Supp. 3d 685, 690 (S.D. Tex. 2021).  In exercising their discretion, courts should grant jury trials "in the absence of strong and compelling reasons to the contrary."  *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Courts utilize the following five factors to guide their consideration of a motion under Rule 39(b): (1) whether the case involves issues which are best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.  *Id.*

In this case, "strong and compelling reasons" for denying Plaintiff's motion for jury trial are not present.  Plaintiff's claims involve issues that are typically tried to a jury, and there will be no disruption to the Court's schedule.  Indeed, the Court entered the Case Management Order [18] on July 28, 2025, and set this matter for trial beginning August 17, 2026.

Defendant opposes the motion due to Plaintiff's failure to timely file her Request, failure to support her Request with a memorandum brief, and failure to state whether the Request was opposed, as required by the Local Rules. However, Defendant has not identified any disruption of its schedule and has not identified any prejudice by Plaintiff's untimely demand for a jury trial. Plaintiff's Request was simple and straightforward, and Defendant was permitted to oppose the Request and did so. The Court finds that granting Plaintiff's Request would cause no

prejudice to Defendant. Plaintiff's inexperience as a *pro se* litigant should not deprive her of such a fundamental right to a trial by jury. *Bailey v. Teachers' Ret. Sys. of LA*, 1997 WL 240746, at *1 (E.D. La. May 8, 1997).

Accordingly, the Court finds that Plaintiff's "Request for Jury Trial" [20] should be granted and that this matter should be set for a jury trial on any issue so triable.

IT IS, THEREFORE, ORDERED that Plaintiff's "Request for Jury Trial" [20], which the Court liberally construes as a motion requesting the same, is GRANTED.

SO ORDERED, this the 15th day of August, 2025.

s/Michael T. Parker
United States Magistrate Judge